RECEIVED

JUN 2 9 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WANDA TURNBOW | CIVIL ACTION NO. 04-1377 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a Complaint [Doc. No. 1], filed by Plaintiff Wanda Turnbow, seeking review of a final decision of the Commissioner of the United States Social Security Administration ("Commissioner").

On May 5, 2005, Magistrate Judge James D. Kirk issued a Report and Recommendation [Doc. No. 13] recommending that the final decision of the Commissioner be affirmed and that Turnbow's appeal be denied and dismissed with prejudice. On May 18, 2005, Turnbow filed a timely objection to the Report and Recommendation.

For the following reasons, the Court adopts in part and declines to adopt in part the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 13], and remands the case to the Magistrate Judge for further proceedings consistent with this Ruling.

### I.    FACTS AND PROCEDURAL HISTORY

On April 18, 2000, Turnbow filed an application for Disability Insurance Benefits, alleging a disability onset date of October 26, 1999, due to stroke, seizures, and "blacking out." Turnbow's application was denied by the Social Security Administration, and she filed a timely request for hearing. On June 20, 2001, an Administrative Law Judge ("ALJ") held a de novo hearing, at which Turnbow was represented by an attorney. On September 14, 2001, the ALJ rendered an unfavorable decision, finding that

although Turnbow had severe impairments, she had the functional capacity to perform the full range of medium work (except for work around dangerous machinery or at unprotected heights). The ALJ determined that Turnbow was able to perform her past relevant work, and therefore concluded that Turnbow was not under a disability within the meaning of the Social Security Act at any time through the date of the ALJ's September 4, 2001 decision.

Turnbow timely requested a review of the ALJ's decision, but the Appeals Council denied review, and the adverse decision became the final decision of the Commissioner for purposes of judicial review.

On June 28, 2004, Turnbow filed the instant suit.

After briefing by both parties pursuant to the Social Security Case Scheduling Order issued by the Court, Turnbow's Complaint was referred to Magistrate Judge Kirk for Report and Recommendation.

On May 5, 2005, Magistrate Judge Kirk issued his Report and Recommendation, which recommended that Turnbow's appeal of the Commissioner's final decision be denied and dismissed with prejudice.

On May 18, 2005, Turnbow filed an objection to the Report and Recommendation.

## II. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

The Court reviews a magistrate judge's report and recommendation de novo if a party files specific, written objections within ten days of service. 28 U.S.C. § 636(b)(1). In the present case, Turnbow timely filed specific objections to the Magistrate Judge's Report and Recommendation, thus warranting *de novo* review by the Court.

### B. TURNBOW'S APPEAL

Turnbow raised three issues for review on appeal:

(1) The ALJ improperly declined to give Ms. Turnbow's treating physicians' opinions controlling weight;

2

(2) The ALJ erred in finding that Ms. Turnbow's impairment does not meet a listing; [and]

(3) The Appeals Council erred in failing to specifically address additional evidence and legal argument.

After thorough review and analysis specifically addressing each assignment of error raised by Turnbow, the Magistrate Judge recommended that Turnbow's appeal be denied. Specifically, in analyzing the first assignment of error, the Magistrate Judge found that "although Turnbow does not specify which treating physician's opinion the ALJ should have relied on, it is clear that the ALJ accepted the diagnoses of Turnbow's treating physicians, for the complaints for which Turnbow was receiving treatment–seizures, syncope, and a history of possible strokes or transient izchemic attacks." In analyzing the second assignment of error, the Magistrate Judge found that "Turnbow has not proven she meets Listing 11.02 because there is no evidence that Turnbow has convulsions during her seizures, there is no evidence of nocturnal episodes, and the evidence does not show Turnbow has more than one seizure a month when she is taking her medication." Finally, in analyzing the third assignment of error, the Magistrate Judge stated that "although Turnbow contends the 'new evidence' shows she was unable to maintain employment on a normal basis, it does not show Turnbow was unable to do so during the relevant time frame prior to the ALJ's decision." The Magistrate Judge thus recommended that the final decision of the Commissioner be affirmed and Turnbow's appeal be denied.

### C. Turnbow's Objection to the Report and Recommendation

Turnbow timely filed an objection "to the Magistrate's recommended ruling on her Assignment of Error number 3." Turnbow argues that the Magistrate Judge's conclusion that the decision of the ALJ is the final decision of the Commissioner and that, therefore, the Court need not consider evidence submitted after the ALJ's decision, is error under Fifth Circuit case law.

This Court agrees with Turnbow's objection, and thus declines to adopt that part of the Magistrate Judge's Report and Recommendation.

3

In analyzing the third assignment of error, the Magistrate Judge states that:

> Turnbow additionally argues the medical evidence submitted to the Appeals Council was "new" and there was a reasonable probability that the new evidence would change the outcome of the case, so the case should have been remanded for further consideration. However, the "new" medical evidence was dated after the ALJ's decision on September 14, 2001. Evidence relating to the subsequent deterioration of a previously non-disabling condition is not material unless it relates to the time period for which benefits were sought and denied. The relevant time period ended after the ALJ's decision on September 14, 2001. . . . Moreover, although Turnbow contends the "new evidence" shows she was unable to maintain employment on a normal basis, it does not show Turnbow was unable to do so during the relevant time frame prior to the ALJ's decision.

In other words, the Magistrate Judge concluded that evidence presented by Turnbow after the ALJ's decision, but which was presented to the Appeals Council (which denied request for review), should not be considered in Turnbow's appeal of the Commissioner's "final decision."

However, in a recent decision, dated March 31, 2005,[1] *Higginbotham v. Barnhart*, 405 F.3d 332, the Fifth Circuit ruled otherwise.

In *Higginbotham*, the Fifth Circuit initially noted that the "precise issue . . . whether the district court should have reviewed and considered the evidence that [plaintiff] submitted to the Appeals council but failed to present to the ALJ" is one that has split the circuits and one that had not previously been decided by the Fifth Circuit. *Id.* at 335.

After analyzing the applicable regulations and the approaches taken by the other circuits, the Fifth Circuit concluded that "the Commissioner's final decision includes the Appeals Council's denial of a request for review" and therefore "[i]t follows that the record before the Appeals Council constitutes part of the record upon which the final decision is based." *Id.* at 336-37. "Accordingly, the district court should have considered and addressed the new evidence that [plaintiff] submitted to the Appeals Council." *Id.* at

---

[1] It should be noted that the Magistrate Judge issued the Report and Recommendation on May 5, 2005, only shortly after the Fifth Circuit's decision was handed down. Additionally, in their Appellee's Brief, dated Feb. 15, 2005, the Commissioner noted that this issue was still unresolved at that time.

4

338.

Under the rule announced in *Higginbotham*, in review of the Commissioner's denial of benefits, this Court must address the "new evidence" Turnbow presented for the first time to the Appeals Council, and failure to do so constitutes error.

Accordingly, the Court DECLINES TO ADOPT that portion of the Magistrate Judge's Report and Recommendation, which concluded that evidence submitted for the first time before the Appeals Council was not relevant to Turnbow's claims of disability and that portion of the Report and Recommendation which affirmed the Commissioner's final decision based on this erroneous conclusion of law. The Court ADOPTS all other portions of the Magistrate Judge's Report and Recommendation not inconsistent with this Ruling or the Fifth Circuit's decision in *Higginbotham*.

Further, the Court REMANDS this case to the Magistrate Judge for a supplemental Report and Recommendation, in which the Magistrate Judge is to consider all relevant evidence presented by Turnbow, including the "new evidence" presented to the Appeals Council, in determining whether there is substantial evidence in the record to support the Commissioner's final decision or whether the matter should be remanded to the Commissioner for further proceedings.

### III. CONCLUSION

Based on the foregoing, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Magistrate Judge's Report and Recommendation. The Court REMANDS the case to the Magistrate Judge for further proceedings consistent with this Ruling.

MONROE, LOUISIANA, this 26 day of June, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE